IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK DEMING,<br><br>        Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA; MONTANA 7th JUDICIAL DISTRICT COURT, RICHLAND COUNTY; CHARITY MCLARTY; ALI MOULTON,<br><br>        Respondents. | Cause No. CV 21-41-BLG-SPW-KLD<br><br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On April 17, 2021, state pro se petitioner Mark Deming filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1.) Deming was subsequently ordered to show cause as to why his petition should not be dismissed as time-barred and procedurally defaulted and was advised of the relevant legal standards. See, (Doc. 4.) Deming timely responded. (Doc. 5.) For the reasons discussed herein, Deming's petition should be dismissed.

### I.  Motion for Counsel

Although he has not filed a separate request, Deming indicates he would like the Court to provide him counsel. *Id*. at 6. There is no constitutional right to

counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required. See, Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

    To date, Deming has been able to adequately present his claims and to respond to the narrow issues of timeliness and default. Accordingly, he has been able to protect his interests. Additionally, neither discovery nor an evidentiary hearing is warranted in this case. The Court appreciates that Deming, like many habeas petitioners, lacks legal training and resources. For this reason, the Court independently reviews each petition. Deming does not require counsel as a matter of due process, and the Court declines to exercise its discretion to appoint counsel. To the extent that Deming's reference to counsel in his response to the Court's order is construed as a motion for appointment of counsel, the request is denied.

    II.    **Background/Deming's Claims**

    Deming was originally charged with Incest in Montana's Seventh Judicial

District, Richland County. See, (Doc. 5-1 at 1.) Pursuant to a plea agreement, the charge was amended to Assault on a Minor. *Id.*; see also, (Doc. 1 at 2-3.) Written judgment was entered on April 21, 2016. *Id*. at 2. Deming was sentenced to the Montana State Prison for 10 years, with 5 of the years suspended. *Id*. at 3. Deming has since been released on parole and is no longer serving a custodial sentence. *Id*. at 1.

Deming did not file a direct appeal, did not seek review of his sentence from the Montana Sentence Review Division, did not file a petition for postconviction relief, and did not seek state habeas corpus relief. *Id*. at 3-4. Deming asserts: (1) the district court judge exhibited judicial bias and was prejudiced against him due to prior relationships with other individuals involved in his criminal case, *id*. at 9; (2) Montana state statutes related to the filing of an amended complaint and the applicable criminal penalties were violated, *id*. at 10-11; (3) the district court judge failed to recuse herself, *id*. at 12-13; and, (4) trial counsel provided ineffective assistance during both the plea negotiations and the change of plea proceedings. *Id*. at 14-15.

Deming was advised that his petition was filed outside of the federal statute of limitations by nearly four years. (Doc. 4 at 2-3.) Additionally, he was informed that because he did not present or exhaust any of his present claims in the state court system, they now are procedurally defaulted. *Id*. at 3-5. Deming was

instructed on the showings he would need to make to excuse both his untimeliness and default. *Id.*

In his response, Deming does not argue that he has new evidence to prove that he is innocent of the offense of Assault on a Minor and that no juror could find him guilty beyond a reasonable doubt. See e.g., *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007) (en banc). Rather, he claims that he has limited legal knowledge and training. He also explains that due to being transferred to different facilities, it was not until 2018 that he was able to conduct his own research, have access to legal materials, and get assistance from other inmates to identify his potential claims. (Doc.5 at 2-3.) Deming additionally asserts that although counsel advised him of his right to apply for sentence review, he was never advised of his right of appeal and counsel failed to file a direct appeal on his behalf. *Id*. at 1-4.

### III.    Analysis

As a preliminary matter, this Court would note the victim of Deming's offense, B.D., was his granddaughter, who was 2-years old when the underlying criminal conduct occurred. See e.g., (Doc. 5-1 at 11; 40.) At the time of Deming's sentencing, the maximum penalty for Incest involving a minor under the age of 12, and an offender over the age of 18, was a mandatory 100-year prison sentence, with the statute preventing the sentencing court from suspending or deferring the

first 25-years of the sentence.  See, MCA 45-5-507(5)(a)(i) (2015).  The maximum penalty for Assault on a Minor with the minor being under 36 months old, was 10 years in prison.  See, MCA 45-5-212  (2)(b)(i) (2015); see also, (Doc. 5-1 at 42.) Thus, by virtue of entering into the plea agreement, Deming avoided at least 20-years of a custodial sentence.  Additionally, in his psychosexual evaluation, Deming admitted to engaging in compulsive behavior with his granddaughter, which was discussed during his sentencing hearing.  See e.g., (Doc. 5-1 at 39-40.)

    i.    **Statute of Limitations**

To the extent that Deming believes this Court should equitably toll the statute of limitations, see e.g., *Holland*, 560 U.S. at 649, due to his lack of legal training and knowledge, such an argument is unavailing.  The Ninth Circuit instructs that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006); see also, *Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009)(equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009)("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.").  Additionally, normal prison limitations on law library access do not warrant equitable tolling.  See, *Ramirez v. Yates*, 571 F. 3d 993, 998 (9th Cir. 2009)("Ordinary prison

limitations on Ramirez's access to the law library and copier…were neither 'extraordinary' nor made it impossible for him to file his petition in a timely manner."); *Frye v. Hickman*, 273 F. 3d 1144, 1146 (9th Cir. 2001)(recognizing that a lack of access to library materials does not automatically qualify as grounds for equitable tolling.). Thus, Deming has failed to show a basis which would entitle him to equitable tolling; his claims remain untimely.

### ii. Procedural Default

Additionally, it appears that Deming attempts to argue cause for the default of his claims based upon trial counsel's failure to inform him of his ability to file a direct appeal or to do so on his behalf.

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him,…impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012)(citation omitted); *Coleman*, 501 U.S. at 753. While attorney ignorance or inadvertence cannot establish cause for a procedural default, "[a]ttorney error that constitutes ineffective assistance of counsel is cause[.]" *Coleman*, 501 U.S. at 753-54; see also *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel."). The ineffective assistance claim must be

presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)(citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

In other words, before a federal court may consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of the underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a proper manner in the state court system, such as in a petition for postconviction relief, including through the Montana Supreme Court. But, as set forth above, Deming did not present any of his claims, in any manner, to the state courts. Thus, because the ineffective assistance of counsel claim was never properly exhausted in the state court system, it cannot serve as cause to excuse the default of Deming's underlying habeas claims. The claims remain procedurally defaulted.

### iii. Conclusion

The claims contained in Deming's petition are untimely and procedurally defaulted without excuse. Based upon Deming's response to this Court's order, he has not demonstrated a valid basis to excuse his late filing or to set aside the procedural default. Accordingly, this matter should be dismissed with prejudice.

//

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Deming has not made a substantial showing that he was deprived of a constitutional right. He has failed to make a colorable claim of equitable tolling or demonstrate the requisite cause and prejudice to set aside the procedural default. Accordingly, his is petition is both procedurally defaulted and time barred. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

To the extent that Deming requests appointed counsel, the request is DENIED.

## RECOMMENDATION

1.  The Petition (Doc. 1) should be DISMISSED with prejudice.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Deming may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Deming must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 12th day of November, 2021.

*/s/ Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge